377 So.2d 496 (1979)
Robert K. ACKEL, Plaintiff-Appellant-Appellee,
v.
MID-SOUTH UNDERWRITERS, INC., Defendant-Appellee-Appellant-Third-Party Plaintiff, and
Michael TASSIN, Third-Party Defendant.
No. 7131.
Court of Appeal of Louisiana, Third Circuit.
November 12, 1979.
Writ Refused January 18, 1980.
*497 Kramer & Laird, James M. Buck, Alexandria, for plaintiff-appellant-appellee.
McLure & McLure, John G. McLure, Alexandria, for defendant-appellee-appellant.
Steven W. Harris, Alexandria, for defendant-appellee.
Before CULPEPPER, WATSON and GUIDRY, JJ.
GUIDRY, Judge.
The sole issue on appeal is whether a licensed insurance agent, acting as a broker for the procurement of automobile insurance, was the agent of the applicant or of the insurer's general agent.
The facts adduced at trial which make up the backdrop of this suit are accurately set forth in the trial judge's reasons for judgment as follows:
"Robert Ackel instituted this action against Mid-South Underwriters, Inc. for the negligence of its alleged agent's failure to secure comprehensive insurance coverage on plaintiff's automobile before it was stolen. Mid-South alleges that Michael Tassin, the person plaintiff dealt with, is not its agent, but an independent broker. However, Mid-South did file a third party demand against Mr. Tassin alleging that if it is found liable to Mr. Ackel, then Mid-South is entitled to recover against Mr. Tassin for exceeding his authority with this matter.

On April 28, 1977, Robert Ackel purchased a car from his brother's used car lot. Mr. Ackel financed part of the purchase price of the car and pursuant to an agreement with the finance company, he sought to purchase insurance coverage for the automobile. In order to obtain such insurance he went to Mr. Tassin, a personal friend. At the time, Mr. Tassin was a full-time employee of Allstate Insurance Company as a licensed agent of Allstate, a fact with which Mr. Ackel was familiar. An application form provided by Mid-South was filled out. The application evidenced a policy period of May 17, 1977 to May 17, 1978. Additionally, the application, which bore the letterhead or caption of Mid-South Underwriters, Inc., stated that coverage would be bound `12:00 post-mark date of application unless otherwise indicated'. At this time, Mr. Tassin accepted $108.00 from Mr. Ackel and gave Mr. Ackel the agent copy of the application as a receipt for the advance premium on the policy being applied for. The testimony at trial indicated that it was generally understood between Mr. Ackel and Mr. Tassin that coverage would be obtained immediately.

Despite the urgency to postmark the application, Mr. Tassin neglected to mail the application and it was later lost or *498 stolen. However, Mr. Tassin did not notify Mr. Ackel or Mid-South of this event. Instead, on July 5, 1977, Mr. Tassin filled out a new application, forged Mr. Ackel's signature to it, computed the premium (this time stating that the advance premium payment was $135.00) and mailed the application on the same day. Apparently Mr. Tassin forgot to apply any postage on the envelope and it was returned to him and he later remailed the same envelope with proper postage on July 18, 1977. The envelope was received by Mid-South Underwriters, Inc. on July 19, 1977.

Meanwhile, on July 6, 1977, the automobile which Mr. Ackel was attempting to insure was stolen, stripped of its parts, and burned. Mr. Ackel notified Mr. Tassin that the vehicle had been stolen shortly after the theft took place. Mr. Tassin did not call in the claim to Mid-South until July 22, 1977.
Mid-South Underwriters, Inc. is an insurance brokerage agency, and was the managing agent for Southeastern Fidelity Insurance Company, a foreign surplus lines insurance company. Southeastern's managing agent, Mid-South, issued Policy Number C 71-14-21 with effective dates of 7/19/77 to 7/19/78 as provided in the underwriting guidelines allowing binding of coverage by postmark date. The postmark date for the proper mailing of the envelope containing the application was July 18, 1977, and coverage was bound on the following date as stated in the application. When the claim was made for the loss on July 6, 1977, under the policy which was written as the result of the application which was received on July 19, 1977, the claim was denied. Thereafter Mr. Ackel filed this suit against Mid-South Underwriters, Inc."
After trial, the able trial judge held that while Mr. Tassin was clearly negligent in his manner of handling the insurance application of Mr. Ackel, such negligence could not be imputed to Mid-South as Mr. Tassin, in making the application, was acting as an independent insurance broker and as agent for Mr. Ackel. Accordingly, Ackel's claim against Mid-South was dismissed as well as Mid-South's third party demand against Tassin. From this judgment plaintiff appeals, as does Mid-South to preserve its rights in the third party action. On appeal plaintiff urges the following specifications of error:
(1) The trial court erred in its determination that Michael Tassin was an independent insurance broker; and
(2) The trial court erred in not concluding that Michael Tassin was an agent of Mid-South under the general principles of agency.
We find no merit in either of appellant's specifications of error and affirm, finding that the trial court correctly disposed of such contentions in its well written reasons for judgment which we quote and adopt as our own:
"In order to solve the stated issue, it becomes necessary to determine the relationship of Mr. Tassin to the parties involved in this case, i. e., whether he is classified as an `agent' or `broker'.

LSA-R.S. 22:1161 defines `agent' as follows:

`An insurance agent is hereby defined to be an individual who is a resident of this state, or whose principal office is in this state, or a partnership the members of which are residents of this state or have their principal office in this state, or a corporation having by its charter the power to act as an insurance agent and whose principal office is in this state, and whose officers and principal stockholders are residents of this state, authorized in writing by any insurer lawfully authorized to transact business in this state, to act as its representative with authority to solicit, negotiate and effect contracts of insurance in its behalf, who or which has an office in this state in which is kept a record of the contracts of insurance signed, countersigned or issued by them, and whose premium writings represented by the premiums on contracts of insurance signed, countersigned or issued by them for the general *499 public exceed (except in the case of first-time applicants) those on insurance signed, countersigned or issued by them covering their own property or risks or insuraable (sic) interests and, in the case of individual agents, the property or risks of their relatives or employer.' (Emphasis added.)

LSA-R.S. 22:1162 defines a `broker' as follows:

`An insurance broker is hereby defined to be an individual, partnership or corporation who or which shall, for a commission or brokerage consideration, act for or aid in any manner in negotiating contract of insurance, or in placing risks or soliciting or effecting insurance as agent for an insured or prospective insured other than himself or itself, and not as a licensed agent of an insurer, and not as an insurance solicitor employed by a licensed agent.' (Emphasis added.)

In Karan (sic) v. St. Paul Fire & Marine Insurance Co., 265 So.2d 821 (La. App. 3 Cir. 1972), Affirmed 281 So.2d 728 (La.1973), the Third Circuit Court comments on the distinction between an agent and broker on page 824:

`There is a distinction between insurance agents who are employed by an insurance company to solicit risks and effect insurance for that company, and insurance brokers, who solicit insurance from the public generally, under no employment from any special company, placing the insurance with any company selected by the insured or, failing such selection, by the broker himself. In the absence of special circumstances, an insurance broker generally is considered to be the agent of the insured in procuring a policy of insurance. Foster v. Nunmaker Discount Company, 201 So.2d 215 (La.App. 4 Cir. 1967); Security Transfer Company v. Insured Lloyds Company, 225 So.2d 284 (La. App. 4 Cir. 1969); Blashfield, Cyclopedia of Automobile Law and Practice, Sec. 3491; Appleman, Insurance Law and Practice, Sec. 8726; Couch on Insurance 2d, Sec. 25:99-25:101.

* * * * * *
The Court further comments on page 825:

`We think the applicable law is correctly stated in Appleman, Insurance Law and Practice, Sec. 8725 as follows:

"A person delegated to solicit insurance for a particular company, and to refrain from soliciting insurance for any other company, is an agent, and not a broker. The fundamental distinction in the legal result is that the acts of one procuring insurance as the agent of the insurer are imputable to it, while those of one acting as the agent of the insured, or as a broker, are not; the broker representing the insured for the purpose of procuring the policy, and the insurer only in order to receive and transmit the premium."' (Emphasis added.)

The above statement was also quoted with approval by the Third Circuit in United Credit Plan of Jena, Inc. v. Haley, [La.App.] 341 So.2d 58, 61.

The evidence in the suit before this Court indicates that at the time Mr. Tassin met with Mr. Ackel to complete the Mid-South application form, Mr. Tassin was a licensed agent of Allstate, not Mid-South or Southeastern Fidelity Insurance Company. Neither of these two companies directed Mr. Tassin to refrain from soliciting insurance from any other company. Mid-South and Southeastern did not deal directly with proposed insureds. They dealt solely through brokers. To Mid-South, Mr. Tassin was one of many independent insurance agents acting as brokers to whom they sent guidebooks explaining the procedure for submitting risks to them through application forms they supplied. For Mr. Tassin's efforts in submitting such risks to Mid-South, he was paid solely by a commission.
This Court is aware of plaintiff's able argument concerning Tiner v. Aetna Life Insurance Co., 291 So.2d 774 (La. S.Ct. 1974) in which the Court states that the Louisiana insurance statutes do not prohibit the courts from finding the legal *500 relationship of principal-agent exists, despite the failure of the person acting for the insurer to have been specifically licensed as its agent.
The Supreme Court further stated on page 778:

`Thus, the decision is not authority for any hard-and-fast rule that a broker may never be an agent of an insurer from whom he secures a policy for an insured. It is, rather, only an insured. (sic) It is, rather, only an illustration of the general principle that, whether a broker in any particular transaction acts as the agent of the insured or of the insurer, is a question of fact dependent on the particular circumstances of the case. 3 Couch on Insurance 2d, Sections 25:95, Sections 26:152, 153 (1960).' (Emphasis added.)

From the facts, circumstances, and evidence presented, it is the opinion of this Court that Mr. Tassin was not an agent of Mid-South Underwriters, Inc., but an independent insurance broker who submitted risks to Mid-South who in turn submitted them to Southeastern Fidelity. Mr. Tassin's negligence in handling this matter is not imputable to Mid-South...."
As aforestated, we fully agree with the trial court's conclusion that as concerns Mid-South Underwriters, Inc., Tassin was an independent insurance broker, and under the particular circumstances of this case, Tassin acted as agent for plaintiff and not as the agent of Mid-South. In amplification and in support of the latter conclusion we observe that the record clearly reflects that plaintiff was never led to believe that Tassin was an agent of Mid-South as was the case in Tiner v. Aetna Life Insurance Company, supra. Quite to the contrary, plaintiff was well acquainted with Tassin and was fully aware that he was a licensed agent for Allstate Insurance Company. Additionally, unlike Tiner, supra, plaintiff specifically retained the services of Tassin to procure the desired insurance coverage wherever possible and at the best price. In this latter connection plaintiff testified as follows:
"Q. It is your understanding he was shopping around trying to get you the best deal?
A. Uhyes, sir.
Q. Do you have any idea who he was shopping with?at the time?
A. No, sir, not until he wrote the policy.
Q. Did he ever give you any different quotes from different insurance companies?
A. Uhmaybe one. I couldn't really say for sure, you know." (Tr. pg. 43).
This latter circumstance we believe clearly distinguishes the instant case from Tiner, supra, and fully supports the trial judge's conclusion that in the instant case Tassin acted as agent of plaintiff and not as agent for Mid-South.
For the above and foregoing reasons the judgment of the trial court is affirmed at plaintiff-appellant's cost.
AFFIRMED.