448 So.2d 888 (1984)
Georgia THIBODEAUX, Plaintiff-Appellee,
v.
LUMBERMEN'S MUTUAL CASUALTY COMPANY, et al., Defendant-Appellant.
No. 83-616.
Court of Appeal of Louisiana, Third Circuit.
April 11, 1984.
Plauche, Smith & Nieset, Frank M. Walker, Jr., Lake Charles, for defendant-appellant.
Raggio, Cappel, Chozen & Berniard, Richard A. Chozen, Lake Charles, for plaintiff-appellee.
Before GUIDRY and FORET, JJ., and CULPEPPER, J. Pro Tem.
CULPEPPER, Judge Pro Tem.
This case was consolidated for trial and appeal with No. 83-617 on our docket, entitled Celestine Joubert v. Lumbermen's Mutual Casualty Company, et al., in which a separate judgment is being rendered by us this date, 448 So.2d 890.
In these consolidated cases, plaintiffs, Georgia Thibodeaux and Celestine Joubert, were injured while riding in a car owned and driven by Isaac Stagg. The defendants are Isaac Stagg (Stagg), insurance *889 agent Larry Bridges (Bridges), and Stagg's alleged automobile liability insurer, Lumbermen's Mutual Casualty Company (Lumbermen's). The city court, in a consolidated trial, held in favor of plaintiffs and against Stagg, Bridges and Lumbermen's, in solido. The court denied Lumbermens' third party demand against Bridges. Lumbermen's appeals, contending that Bridges is not its agent and is therefore solely liable to plaintiffs for having negligently provided them with incorrect information thereby causing the issued policy to lapse. Neither Stagg nor Bridges appealed or answer the appeal. We hold that Bridges was not Lumbermens' agent. Accordingly, we dismiss plaintiffs' suit against Lumbermen's and affirm the judgment against Stagg and Bridges.

ISSUE
The issue presented for our determination is whether Bridges was the agent for Lumbermen's, thereby imputing Bridges' negligence to Lumbermen's.

FACTS
On September 6, 1980, plaintiffs were injured in a single car accident when a 1976 Ford LTD, in which they were passengers, ran off of the road into a ditch. It is undisputed that Isaac Stagg owned the car and was solely negligent in causing the accident. Georgia Thibodeaux was awarded $800. and Celestine Joubert $3,000., a total of $3,800.
Mr. Stagg stated during the trial that he depended upon Larry Bridges, insurance agent, for all of his insurance needs. Since Stagg was 72 years old, Bridges could only obtain automobile liability insurance for Stagg through the Louisiana Assigned Risk Plan. Stagg's risk was assigned by the plan to defendant, Lumbermen's Mutual Casualty Company, who subsequently issued an automobile liability policy for the period of August 15, 1979 through August 15, 1980. In this policy, Stagg's address was given as 106 North Cherry St.
On June 12, 1980, Stagg returned to Bridges' office and requested that another automobile be added to his policy. In the course of honoring this request, agent Larry Bridges erroneously reported to Lumbermen's that Stagg had changed his address to 314½ North Goos St. Lumbermen's did not receive this notice of change of address until June 17, 1980.
On June 6, 1980, Lumbermen's had already mailed to Stagg at his correct address on North Cherry St. a notice for a renewal premium in the sum of $315. for the period August 15, 1980 to August 15, 1981. Although it must be presumed Stagg received this notice to his correct address, he never paid this renewal premium. A Notice of Cancellation was mailed by Lumbermen's to Stagg on July 31, 1980, to be effective August 13, 1980. Stagg did not receive this notice since it was mailed to the erroneous address. The accident giving rise to the instant law suits occurred on September 6, 1980. At Stagg's request, Bridges subsequently contacted Lumbermen's concerning the accident and plaintiffs' claims. Bridges learned that Stagg's policy had terminated before the accident.

APPLICABLE LAW
Generally, the question of whether an insurance broker in any particular transaction is acting as the agent of the insured or the insurer is one of fact dependent on the particular circumstances of the case. The general rule is that an insurance broker is the agent of the insured and not of the insurer. Trahan v. Bailey's Equipment Rentals, Inc., 383 So.2d 1072 (La.App. 3rd Cir.1980), writ denied 390 So.2d 1342 (La.1980).
The record indicates that Bridges was an agent exclusively for Allstate Insurance Company and that in isolated instances where Allstate refused to provide high risk coverage, Bridges would resort to having the high risk policy assigned to an unknown insurer through the Louisiana Assigned Risk Plan. The Louisiana Assigned Risk Plan provides for various participating insurance companies to receive assigned high risk clients on a rotating *890 basis. Bridges was without control or knowledge as to which company would receive and issue the policy. Nor did Stagg instruct Bridges on how or with whom to obtain the insurance. For these specific reasons, we find that Bridges was either Stagg's agent or was a broker in obtaining the insurance coverage. The trial court was clearly wrong in holding that Bridges was an agent of Lumbermen's to which Bridges' negligence was imputed.
The trial judge apparently reasoned that since Lumbermen's mailed Bridges a commission on the premium, this alone proved a principal and agent relationship. If this were correct, every insurer who accepts an assigned risk and pays a commission to the referring agency would thereby become the principal of that agent. This is clearly wrong. The issue of whether a person is an agent or a broker depends mainly on control. Ackel v. Mid-South Underwriters, Inc., 377 So.2d 496 (La.App. 3rd Cir.1979), writ refused 378 So.2d 1389 (La.1980); Trahan v. Bailey's Equipment Rentals, Inc., supra. Mere payment and acceptance of a commission through the assigned risk plan does not constitute control sufficient to establish a principal and agent relationship.
As stated above, neither Stagg nor Bridges appealed or answered the appeal. Therefore, the judgment holding Stagg and Bridges liable in solido to plaintiffs cannot be reversed or modified on appeal.
For the reasons assigned, the judgment appealed is reversed and set aside insofar as it holds Lumbermen's liable. Otherwise, the judgment is affirmed. All costs of appeal are assessed against Bridges.
REVERSED IN PART, AFFIRMED IN PART.