506 So.2d 559 (1987)
Ronald E. OLIVER, et al.
v.
NATCHITOCHES AIR CENTER, INC., et al.
Richard L. HICKS
v.
NATCHITOCHES AIR CENTER, INC., et al.
Timothy D. BAKER
v.
NATCHITOCHES AIR CENTER, INC., et al.
No. 87-236.
Court of Appeal of Louisiana, Third Circuit.
March 24, 1987.
*560 Jones, Walker, Waechter, Poitevent, Carrerl & Denegre, Donald O. Collins, Warren M. Schultz Jr., Laura G. Comiskey, Mark E. Seamster, New Orleans, for defendants-relators.
Ronald E. Corkern, Jr., of Watson, Murchison, Crews, Arthur & Corkern, Natchitoches, William V. Dalferes, Jr., of McGlinchey, Stafford, Mintz, Cellini & Lang, New Orleans, D. Michael Hayes, Natchitoches, Drake Lee, Jr., Shreveport, Robert L. Salim, Natchitoches, Plauche, Smith & Nieset, Allen L. Smith, Jr., Lake Charles, Larry Stewart of Stafford, Stewart, Potter, Alexandria, J. J. McKernan, Baton Rouge, Kermit M. Simmons, Winnfield, Ronald A. Seale, Baton Rouge, Kenneth McCoy, Natchitoches, for respondents.
PER CURIAM.
WRIT GRANTED AND MADE PEREMPTORY: We granted writs to review rulings on an exception of no right of action and a motion for summary judgment filed in three consolidated lawsuits. The trial judge overruled the exception and denied the motion for summary judgment. We reverse and order that the exception be sustained and the motion for summary judgment be granted.
The cases arise from an airplane crash in Natchitoches. A number of defendants were sued by persons claiming damages as a result of that crash. Among the defendants were the relators, United States Aircraft Insurance Group (USAIG) of which Aetna Casualty and Surety (Aetna) is a member, United States Aviation Underwriters (USAU), and Michael Lowman, an underwriter employed by USAU. The relators have been named as defendants in the principal demands, and also third-partied. This writ application applies only to the principal demands.
The plaintiffs allege that Mr. Lowman orally altered the terms of the policy issued by USAIG, through Aetna, to cover this accident, which occurred on May 9, 1985, even though the policy was cancelled on January 11, 1985. The policy issued to Natchitoches Air Center was therefore, from the face of the policy, not in effect at the time of the accident. Thus, the plaintiffs allege coverage as a cause of action *561 against Aetna and USAIG, and negligence, or negligent misrepresentation as a cause of action against Mr. Lowman and USAU.
A previous writ in this same case disposes of the exception filed on behalf of USAU and Mr. Lowman, and this court ruled a tort victim does not have a right of action against an insurance agent for the negligent cancellation of a policy of insurance issued to his client, the tortfeasor. Similarly, if negligent acts were committed by an underwriter to his client, the tort victims do not have a right of action against the underwriter. See LeBouef v. Colony Insurance Company, 486 So.2d 760 (La.App. 1 Cir.1986), Campbell v. Continental-Emsco Co., 445 So.2d 70 (La.App. 2 Cir.1984), cert. denied 446 So.2d 1223 (La.1984), Guillory v. Morein, 468 So.2d 1254 (La.App. 3 Cir.1985), Oliver, et al. v. Natchitoches Air Center, et al., 506 So.2d 558 (La.App. 3 Cir.1987).
With reference to the motion for summary judgment, there exists no material issue of fact in this case whether Mr. Lowman could orally alter the terms of the insurance policy. Under Louisiana law, an agent or underwriter cannot orally extend the coverage of a contract of insurance beyond that provided by the written policy. LSA-R.S. 22:628, Hilliard v. Louisiana Health Service and Indemnity Co., 411 So.2d 1116 (La.App. 4 Cir.1982), McDaniel v. Moore, 351 So.2d 855 (La.App. 2 Cir. 1977), Smith v. Republic National Life Ins. Co., 335 So.2d 739 (La.App. 2 Cir. 1976). As the policy does not cover accidents that occur after its termination, and the policy was not altered, there is no material issue of fact that this accident is not covered by the policy in question.
For the reasons assigned:
IT IS HEREBY ORDERED that the trial court sustain the defendants' exception of no right of action dismissing Mr. Lowman and USAU from the main demands in all three captioned cases with prejudice, and grant the motion for summary judgment filed by Aetna and USAIG, dismissing Aetna and USAIG from the principal demands in all three captioned cases, with prejudice.
FORET, LABORDE and YELVERTON, JJ., concur.