PER CURIAM.
The pleadings and memoranda reveal the following. The plaintiff, Timothy Breaux, was involved in an automobile accident with the tortfeasor, Tammy Tarter. Ms. Tarter’s insurer, Audubon Insurance Company, surrendered its liability policy limits to the plaintiff. A policy of uninsured-underinsured (UM) motorist insurance was issued by Insured Lloyds Insurance Company (Lloyds), the defendant, in favor of D.B. Trailer Rentals Inc., which is owned by the plaintiff’s parents and for who the plaintiff works part-time. The Lloyds’ policy was obtained by an independent insurance broker, one George LeBlanc. Through Mr. LeBlanc’s deposition, Lloyds found that the selection of lower limits for UM coverage was probably invalid, and thus the UM limits are 100/300, the same as the bodily injury limits, rather than the 10/20 limits Lloyds thought as validly selected. The reason Lloyds now believes the UM limits are 100/300 rather than 10/20, is because Mr. Leblanc revealed that he signed the selection of lower limits rather than a representative of the insured, D.B. Trailer Rentals, Inc. The plaintiff has thus sued Lloyds for $90,000.00, as Lloyds tendered $10,000.00, what it thought were the policy limits. Lloyds third-partied Mr. LeBlanc, the agency he works for, LeBlanc and Leggio Insurance Agency, and Mr. Le-Blanc’s errors and omissions insurer, Equity General Insurance Company, for contribution and/or indemnity for the amount Lloyds might owe over and above $10,-000.00, since Lloyds believed, based upon the representations of Mr. LeBlanc, that the policy it was providing D.B. Trailers provided coverage only in the amount of 10/20 limits. Lloyds’ third-party demand alleges negligence and a breach of the fiduciary duty owed Lloyds by Mr. LeBlanc.
Third-party defendants filed exceptions of no right and no cause of action as to the third-party demand. The trial court sustained the exceptions based upon LeBouef v. Colony Insurance Company, 486 So.2d 760 (La.App. 1st Cir.1986) and Campbell v. *454 Continental-Emsco Co., 445 So.2d 70 (La.App. 2nd Cir.1984) writ denied 446 So.2d 1223 (La.1984), which hold a tort victim has no right of action against an insurance agent for the negligent cancellation of a policy of insurance issued to his client, the tortfeasor. Also see Oliver v. Natchitoch-es Air Center, Inc., 506 So.2d 559 (La.App. 3rd Cir.1987). The above cases do not discuss an insurer’s rights against a negligent independent broker, if the insurer is damaged due to the broker’s negligent actions.
The allegations in Lloyds’ third-party demand, taken as true, states a cause and right of action against the third-party defendants, as Mr. LeBlanc owes a duty to Lloyds to have the insurance forms he sends to Lloyds properly executed. Ackel v. Mid-South Underwriters, Inc., 377 So. 2d 496 (La.App. 3rd Cir.1979); Karam v. St. Paul Fire and Marine Ins. Co., 281 So.2d 728 (La.1973), Josephs v. Austin, 420 So.2d 1181 (La.App. 5th Cir.1982) writ denied 427 So.2d 870 (La.1983); Devore v. Hobart Mfg. Co., 367 So.2d 836 (La.1979).
For the reasons assigned,
IT IS HEREBY ORDERED that the trial court vacate and set aside its judgment of August 31, 1987, dismissing Insured Lloyds Insurance Company’s third party demands, and reinstate the third party demands with further proceedings in accordance with law.