553 So.2d 1100 (1989)
Albert DUHON, Plaintiff-Appellee,
v.
MID-AMERICAN CASUALTY COMPANY, Defendant-Appellant.
No. 88-839.
Court of Appeal of Louisiana, Third Circuit.
December 13, 1989.
*1101 Tommy C. Rutledge, DeQuincy, for plaintiff-appellee.
Alfred P. Boudreaux, Bossier City and Thomas W. Sanders, Lake Charles, for Mid-American.
Woodley, Barnett, Edmund E. Woodley, Lake Charles, for Employers Reinsurance.
Before GUIDRY, KNOLL and ROBERTS[*], JJ.
GUIDRY, Judge.
In this suit, plaintiff seeks recovery of damages from his UM insurer, Mid-American Casualty Company (hereafter Mid-American), in connection with an accident which occurred on November 20, 1985. Mid-American denied any liability to plaintiff urging that the policy of insurance issued to plaintiff was not issued and did not become effective, pursuant to its underwriting guidelines, until November 23, 1985. By a supplemental petition filed with the trial court's authorization on October 27, 1987, plaintiff joined E & J Insurance Agency, Inc. (hereafter E & J), Joy Devillier and their errors and omissions insurer, Employers Reinsurance Company (hereafter Employers), as parties defendant seeking judgment against them in solido with Mid-American. Thereafter, on March 15, 1988, after trial of the instant matter but before signing of judgment, Mid-American filed a third party demand for indemnity against E & J, Devillier and Employers. Third party defendants sought dismissal of this third party demand by an exception, urging that the third party demand was untimely, would retard the progress of the suit and was not filed with leave of court. This exception has never been considered by the trial court.
The trial court concluded, in written reasons for judgment, that E & J was the agent of Mid-American in receiving plaintiff's application for insurance and accepting the premium therefor on November 14, 1985 and that the negligence of E & J, in failing to comply with Mid-American's underwriting guidelines for processing such application, which resulted in the tardy issuance of such policy, was imputed to Mid-American.[1] Accordingly, on June 16, 1988, the trial court rendered jugment in favor of plaintiff decreeing as follows:
"IT IS ORDERED, ADJUDGED AND DECREED that underinsured motorist coverage was in existence on November 11, 1985 under MID-AMERICAN CASUALTY COMPANY'S policy number L 013179 in favor of plaintiff, ALBERT DUHON, with uninsured/underinsured policy limits of 10/20/10."
Neither the trial court's written reasons for judgment or the judgment of June 16, 1988 make mention of plaintiff's demands against E & J, Joy Devillier and Employers. The record reflects that their counsel of record was not present in court on the date of trial. Therefore, although the record reflects nothing in this regard, we assume that by consent plaintiff's demands against E & J, Joy Devillier and Employers *1102 were severed for later consideration by the trial court if necessary.
Mid-American has appealed urging only that the trial court erred in determining that E & J acted as the agent of Mid-American in the issuance of Policy No. L013179 to Albert Duhon.
The trial judge, in written reasons for judgment, set forth the facts of this case as follows:
"On November 14, 1985, Mr. Duhon visited the offices of E & J in Sulphur in order to purchase automobile liability insurance. E & J was under no contract of employment with any special company, but placed insurance with any company selected by the insured. E & J is retained to procure the desired insurance coverage at the best price. On that date, an application for insurance with Mid-South was completed by Mr. Duhon, who then paid the premium to E & J.
For unknown reasons, the employees of E & J neglected to mail the application to Mid-South until November 22, 1985. The underwriting guidelines of Mid-South require the applications to be received within forty-eight hours of the requested effective date in order to be effective on the date requested. Because plaintiff's application was not received within 48 hours of November 14, 1985, the requested date, coverage became effective `12:01 a.m. following postmark or metered date'.[2] Thus, coverage became effective November 23 at 12:01 a.m., the date stamped on the envelope in which plaintiff's insurance application was received.
Meanwhile, on November 20, 1985, Mr. Duhon was involved in an automobile accident. When the claim was made for this loss, the claim was denied. Thereafter, Mr. Duhon filed this suit against Mid-American."
Although we find no error in the trial court's determination of the facts disclosed by the evidence, we ultimately conclude that it clearly erred as a matter of law.
It is well settled that the question of whether an insurance broker, in a particular transaction, is acting as the agent of the insured or the insurer is one of fact, dependent upon the particular circumstances of the case. Tiner v. Aetna Life Insurance Company, 291 So.2d 774 (La.1974); Economy Auto Salvage, Inc. v. Allstate Insurance Company, 499 So.2d 963 (La. App. 3rd Cir.1986), writ denied, 501 So.2d 199 (La.1986). See also La.R.S. 22:1161 and 1162.[3]
We discern from the trial court's reasons for judgment that it relied on the following circumstances in reaching the conclusion that in the case sub judice, E & J acted as the agent of Mid-American. E & J had knowledge and control as to which company would receive and issue the policy; for at least 48 hours after the requested date on the application, there was binding authority given to E & J by Mid-American; E & J did not disclose to Duhon that there were limitations on its binding authority; and, E & J accepted payment of the premium from Duhon, after which the latter believed he had insurance coverage.
We do not consider the above factors to be dispositive of the issue presented. Rather, such circumstances likely exist in every situation where an independent insurance agency, that brokers for several companies, shops around on behalf of its clients (the insured) to secure insurance coverage on the best possible terms.
The record clearly establishes that E & J operated a general, independent insurance agency, acting as broker for ten to fifteen insurers and solicited insurance from the public generally, under no contract with any company. E & J had no agency contract *1103 with Mid-South Underwriters (Mid-South) and both parties were free to discontinue their relationship at any time. Mid-South exercised no control over the manner or the procedures followed by E & J in conducting its business. Mid-South did furnish its brokers with a rate book and underwriting guidelines to be followed in submitting applications for insurance, however, this and the fact that E & J accepted a premium payment from Duhon are not reflected by the record to be unusual circumstances or indicative that a principal/agent relationship existed between E & J and Mid-South. E & J sought insurance coverage for Duhon with Mid-American because the premium charged by the latter was less than that charged by Duhon's previous insurer, Champion Insurance Company, and E & J was interested in securing coverage for its clients at the best price. In sum, there is simply nothing in the record to establish that E & J acted as agent of Mid-American in the transaction with the plaintiff, Albert Duhon.
In a case involving strikingly similar facts and the same general agent, Ackel v. Mid-South Underwriters, Inc., 377 So.2d 496 (La.App. 3rd Cir.1979), writ denied, 378 So.2d 1389 (La.1980), we reached the same conclusion stating:
"... while Mr. Tassin was clearly negligent in his manner of handling the insurance application of Mr. Ackel, such negligence could not be imputed to Mid-South as Mr. Tassin, in making the application, was acting as an independent insurance broker and as agent for Mr. Ackel."
Like Ackel, in the instant case, E & J, in making the application to Mid-South, acted as an independent insurance broker and as agent for Albert Duhon. Therefore, the negligence of E & J or its employee, if any, cannot be imputed to Mid-American.
For these reasons, the judgment of the trial court is reversed and set aside and judgment is rendered in favor of Mid-American Casualty Company and against Albert Duhon, dismissing the latter's demands against Mid-American with prejudice. This matter is remanded to the trial court for consideration of plaintiff's demands against E & J Insurance Agency, Inc., Joy Devillier and Employers Reinsurance Company. La.C.C.P. art. 2164; Bodin v. Bodin, 392 So.2d 759 (La.App. 3rd Cir.1980). Albert Duhon is cast with all costs of this appeal. Costs at the trial level are to await the final determination of this matter.
REVERSED AND REMANDED.
NOTES
[*] Retired Judge Charles William Roberts sitting Pro Tempore pursuant to order of the Louisiana Supreme Court dated November 3, 1989.
[1] Mid-South Underwriters, Inc. is the general agent for Mid-American Casualty Company and, as such, receives all applications for insurance from brokers, promulgates underwriting guidelines and actually issues policies of insurance on behalf of Mid-American. In the instant case, as apparently in all cases, application for the Duhon policy was made to Mid-South, and the latter actually issued the Mid-American policy to Albert Duhon.
[2] Mid-South's underwriting guidelines do not require that an application be received within 48 hours of the requested effective date, rather, the guidelines require that an application be postmarked within 48 hours of the requested effective date. Plaintiff's application was postmarked on November 22, 1985.
[3] La.R.S. 22:1162, as amended by Act 352 of 1988, defines an insurance broker as the representative of the insured for all purposes. Prior to the 1988 amendment, whether a broker acted as the agent of the insured or insurer was a question of fact determined on a case by case analysis.