STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CW02-1485

ALEX M. LEGROS

VERSUS

GREAT AMERICAN INSURANCE COMPANY OF NEW YORK, ET AL.

**********

ON APPLICATION FOR SUPERVISORY WRITS FROM THE
THIRTY-EIGHTH JUDICIAL DISTRICT COURT
PARISH OF CAMERON, NUMBER 10-15935
HONORABLE H. WARD FONTENOT, DISTRICT JUDGE

**********

BILLIE COLOMBARO WOODARD
JUDGE

**********

Court composed of Billie Colombaro Woodard, Michael G. Sullivan, and Billy
Howard Ezell, Judges.

WRIT DENIED.

Gregory P. Marceaux
Marceaux Law Firm
1800 Ryan Street, Suite 101
Lake Charles, Louisiana 70601
(337) 433-3300
Counsel for Plaintiff/Respondent:
    Alex LeGros

Billy Edward Loftin, Jr.
Attorney at Law
2901 Hodges Street
Lake Charles, Louisiana 70601
(337) 310-4300
Counsel for Plaintiff/Respondent:
    Alex LeGros

Marshall M. Redmon
Virginia Y. Trainor
Phelps, Dunbar, L.L.P.
Post Office Box 4412
Baton Rouge, Louisiana 70821-4412
(225) 346-0285
Counsel for Defendant/Applicant:
    U.S. Risk Brokers, Inc.

Randell E. Treadaway
Jessica G. Roux
Reich, Meeks & Treadaway, L.L.C.
3850 North Causeway Boulevard
Two Lakeway Center, Suite 1000
Metairie, Louisiana 70002
(504) 830-3999
Counsel for Defendant/Respondent:
    Great American Insurance
    Company of New York

Robert Edwin Torian
LaBorde & Neuner
Post Office Drawer 52828
Lafayette, Louisiana 70505-2828
(337) 237-7000
Counsel for Defendant/Respondent:
  Crick Insurance Agency

WOODARD, Judge.

U.S. Risk applied to this court for a supervisory writ, alleging that it can have no liability to Mr. LeGros for damages to his fishing vessel; therefore, the trial court erred in denying its motion for summary judgment. We find no error in the trial court's decision and deny U.S. Risk's writ, accordingly.

* * * * *

The Plaintiff, Mr. Alex LeGros, a self-employed commercial fisherman, had just unloaded his catch at Don Bailey's Fish House on June 5, 2001, when his vessel, M/V MISS ANGIE, caught fire. He and some of the deck hands and dock hands were able to extinguish the fire but not before it caused substantial damage to the vessel's living quarters and pilothouse.

Accordingly, Mr. LeGros filed a claim with his insurance company to recover his loss. The insurance company denied recovery, both, because his policy had expired three days before the fire and because he had violated the trading warranty designation of "port risk," which it claims voided the policy, even before its expiration date. Thus, Mr. LeGros filed suit against The Crick Agency, Inc. (Crick), U.S. Risk Brokers, Inc. (U.S. Risk), and Great American Insurance Company of New York, f/k/a American National Fire Insurance Company (Great American).

Great American, a foreign insurance company authorized to and doing business in Louisiana, issued Mr. LeGros a policy of limited coverage on the vessel from June 2, 2000 to June 2, 2001. Crick was his retail agent. Thus, Mr. LeGros communicated directly with Crick to obtain the policy, after which Crick contacted U.S. Risk, one of the intermediate wholesale brokers with whom it had a contract, and informed U.S. Risk of Mr. LeGros' coverage needs. In turn, U.S. Risk communicated the information it obtained from Crick to various insurance companies, with whom it contracted, seeking a company that would agree to issue Mr. LeGros a policy. Great American agreed to issue the policy which consisted of hull insurance and protection and indemnity coverage. The policy contained the following "Trading Warranty:" "PORT RISK OUT OF COMMISSION CAMERON, LA."

At the time Mr. LeGros sought the policy on the M/V MISS ANGIE, it was in port for repairs. Furthermore, he had been keeping it in port for a period of time

1

before this because of his divorce. Nevertheless, Mr. LeGros alleges that he told the Crick agent that the vessel would only be in port for a couple of weeks for repairs, after which he intended to start fishing again. On the contrary, the Crick agent alleges that Mr. LeGros knew that he was supposed to contact her before he took the vessel out of port and that she was not aware that he was using it until she tried to reach him to discuss the renewal of his policy and was informed that he was unavailable because he was out fishing.

When Mr. LeGros returned, he completed the renewal application and gave it to Crick. Crick submitted it to U.S. Risk, indicating that the delay in getting it to U.S. Risk was due to Mr. LeGros' being out fishing. Facsimile records indicate that U.S. Risk passed along this information to Great American, at which time it, presuming that Mr. LeGros had been using the vessel named in the policy for his fishing voyages, told U.S. Risk that it would not be offering a renewal to Mr. LeGros, and, furthermore, there was no existing coverage because the present policy was warranted "port risk." U.S. Risk informed Crick that Great American had declined to renew the policy and that it attempted to get a quote from other companies, but they declined to offer coverage. Whether Crick informed Mr. LeGros that his policy was not being renewed is disputed. The fire occurred on June 5, 2001, three days after the end of the policy term.

Mr. LeGros asserts that U.S. Risk breached its fiduciary duty to him. U.S. Risk moved for summary judgment, asserting that it can have no liability under the policy because it is not an insurer and that it can have no liability under a duty/risk analysis because it owed no duty to Mr. LeGros. When the trial court denied U.S. Risk's motion, it applied for a supervisory writ to this court. It contends that it can have no liability for Mr. LeGros' loss, as a matter of law; thus, the trial court should have dismissed it from the case.

2

* * * * *

**DUTY**

The policy, in question, is a marine insurance policy.[1] Nevertheless, it is well settled that Louisiana law governs any contract to procure insurance.[2] U.S. Risk asserts that an intermediate wholesale broker, such as itself, represents and is an agent of the insurer, rather than the insured. Accordingly, it alleges that it can have no liability to Mr. LeGros, as a matter of law.

"Whether an insurance broker, in a transaction, is acting as an agent of the insured or the insurer in a transaction is a question of fact to be determined from the particular circumstances of the case."[3] While the determination of whether a duty exists is a question of law,[4] the determination in the instant case depends on the agency relationship between and among all of the parties. Whether an agency relationship exists between parties is a question of fact and must be determined on the particular circumstances in each case.[5] Accordingly, this issue cannot be disposed of on summary judgment.

Notwithstanding, U.S. Risk alleges that even if it had a duty to Mr. LeGros, it consisted, only, of using reasonable diligence in attempting to place the insurance requested and notifying the retail agent promptly in the event it is unable to do so, a duty which U.S. Risk avers it fulfilled. However, breach of a duty is a question of fact, dependent upon all the circumstances of a particular case and, therefore, inappropriately determined on summary judgment.[6]

---

[1]*See* La.R.S. 22:1379(9); *See also Grubbs v. Gulf Int'l Marine, Inc.*, 625 So.2d 495 (La.1993).

[2]*Graham v. Milky Way Barge, Inc.*, 923 F.2d 1100 (5th Cir. 1991).

[3]*McManus v. S. United Fire Ins.*, 00-1456, p. 6 (La.App. 3 Cir. 3/21/01), 801 So.2d 392, 396-97 (citing *Tiner v. Aetna Life Ins. Co.*, 291 So.2d 774 (La.1974); *Duhon v. Mid-American Cas. Co.*, 553 So.2d 1100 (La.App. 3 Cir. 1989)).

[4]*Roberts v. Benoit*, 605 So.2d 1032 (La.1991).

[5]*Venable v. U.S. Fire Ins. Co.*, 02-505 (La.App. 3 Cir. 10/30/02), 829 So.2d 1179.

[6]*Pinsonneault v. Merchants & Farmers Bank & Trust Co.*, 01-2217 (La. 4/3/02), 816 So.2d 270.

3

Thus, Mr. LeGros should have the opportunity to demonstrate whether U.S. Risk owed him a duty, and if so, whether it breached that duty, which breach resulted in his failure to obtain insurance covering the vessel at the time of the loss and, therefore, contributed to the damages his lack of coverage caused.

Accordingly, we deny U.S. Risk's writ, finding that the trial court was correct in denying summary judgment in its favor.

## CONCLUSION

We agree with the trial court that disputed issues of material fact preclude U.S. Risk's dismissal on summary judgment. Therefore, we deny its writ. We assigns costs to Applicant/U.S. Risk.

**WRIT DENIED.**

4