335 So.2d 739 (1976)
Vaudine Rice SMITH, Plaintiff-Appellee,
v.
REPUBLIC NATIONAL LIFE INSURANCE COMPANY, Defendant-Appellant.
No. 12943.
Court of Appeal of Louisiana, Second Circuit.
July 7, 1976.
Rehearing Denied August 3, 1976.
*740 Hynes & Gueymard by Davis A. Gueymard, Baton Rouge, for defendant-appellant.
Bice & Russell by Charles B. Bice, Winnfield, for plaintiff-appellee.
Before BOLIN, MARVIN and JONES, JJ.
En Banc. Rehearing Denied August 3, 1976.
BOLIN, Judge.
Plaintiff sued Republic National Life Insurance Company on a health policy for the cost of a hemorrhoid operation. Republic denied liability because plaintiff had made false statements in her insurance application and additionally because she had hemorrhoids before the policy became effective. The lower court held Republic was estopped to deny liability because its agent completed the application form and he also assured plaintiff, before she was hospitalized, that her claim would be paid. We reverse.
The crucial issue is whether an insured may recover the cost of hospitalization under a health insurance policy where the sickness causing the hospitalization manifested itself before the policy became effective.
Plaintiff was the only witness to testify. She said that while she was busily engaged in her duties as a medical receptionist, an agent of defendant approached her about purchasing a health insurance policy. After she agreed to buy the policy, she stated the agent asked her a few questions such as her age, the names and ages of her children, and whether she had undergone any operations within the last year.
The agent filled out the application and plaintiff signed it on June 18, 1969. The agent's answers indicated plaintiff had never had a rectal disorder. These answers were false. Plaintiff testified she had suffered from hemorrhoids for years and had undergone a hemorrhoidectomy several years before. She still suffered from the ailment and had been advised by her physician to undergo another operation. Plaintiff stated the agent did not ask her any questions about this physical condition. She paid her first premium and was assured by the agent the policy was effective the day she signed the application.
*741 One to two weeks later, plaintiff said she experienced a new and different pain in her rectum. She described the pain as though coming from a growth in her rectum. Unable to find such a growth, her physician advised her to enter a hospital for a more complete examination. Before entering the hospital, she talked with the agent again to be sure the insurance would cover her if she entered the hospital. She testified the agent again assured her she was covered.
Plaintiff entered the hospital on July 14, 1969. An examination revealed internal hemorrhoids and an anal fissure but did not reveal a growth. She underwent a successful hemorrhoidectomy and repair of the fissure on July 22, and was discharged from the hospital on July 27.
After leaving the hospital, plaintiff received for the first time, a copy of her insurance policy dated July 18. The policy insures the plaintiff "... against losses incurred by the Insured as a result of injuries sustained or sickness contracted by the Insured ..." The term "sickness" is defined in the policy as "a sickness or disease which first manifests itself while this policy is in force." Defendant argues plaintiff's sickness was not covered because it manifested itself prior to the issuance of the policy. Plaintiff argues her sickness stemmed from a new growth in her rectum and not from hemorrhoids.
Plaintiff did not offer any medical testimony to support the existence of a growth. She admitted her physician could not find the growth. The medical records of the hospital show an "admitting diagnosis" of hemorrhoids, a "final diagnosis" of internal hemorrhoids, and the performance of a hemorrhoidectomy. The hospital records also indicate the condition for which plaintiff entered the hospital manifested itself prior to her application for insurance. There is no evidence, other than plaintiff's own testimony, to show that the condition for which plaintiff entered the hospital was anything other than the hemorrhoids which had plagued her for years and for which she had been advised to undergo surgery only two months prior to her application for insurance.
We find the insurance policy did not cover plaintiff's sickness because the condition or disease first manifested itself prior to her application for insurance.
The trial court held defendant was estopped from denying coverage. It reasoned plaintiff relied to her detriment on the representations of defendant's agent that the policy was in effect and provided coverage.
The general rule in most jurisdictions is that equitable estoppel cannot be used to enlarge or extend coverage beyond that set forth in the policy. See 43 AmJur.2d, Insurance, § 1184; 1 A.L.R.3d 1139; Comment, Waiver and Estoppel in Louisiana Insurance Law, 22 La.Law Rev. 202; and Couch on Insurance 2d, § 71:39. Our courts follow this general rule. See Ledoux v. Old Republic Life Insurance Company, 233 So.2d 731 (La.App.3d Cir. 1970), writ refused, and cases cited therein. We hold the representations of the insurance company's agent cannot be used to extend the insurance coverage beyond that provided in the policy.
Having decided the case on other grounds, we need not decide whether the policy was effective from the date of the application or the date appearing on the policy. The judgment is reversed and plaintiff's demands are dismissed at her costs.