351 So.2d 855 (1977)
Bobby D. McDANIEL et ux., Plaintiffs-Appellants,
v.
Christian MOORE, Charles Hoyer, Jr., and Allstate Insurance Company, Defendant-Appellee.
No. 13360.
Court of Appeal of Louisiana, Second Circuit.
October 31, 1977.
Fayard & Beam by Michael W. Beam, Bossier City, for plaintiffs-appellants.
Nelson & Achee, Ltd., by Frank M. Dodson, Shreveport, for defendant-appellee Allstate Ins. Co.
Before PRICE, MARVIN and JONES, JJ.
PRICE, Judge.
Plaintiffs have appealed the judgment sustaining a motion for summary judgment and rejecting their demands against their insurer under the uninsured motorist coverage of the insurance policy.
*856 Plaintiffs, husband and wife, allege they were injured while riding a motorcycle on Barksdale Boulevard in Bossier City when a horse suddenly ran into their path and collided with the motorcycle. Suit was brought against the owner of the horse, the operator of the stable where the animal was kept, and Allstate Insurance Company, plaintiffs' liability insurer.
Allstate moved for a summary judgment contending there was no genuine issue of fact since the uninsured motorist provisions of its policy only afforded coverage to injuries caused by a motor vehicle and not damages caused by an animal.
Plaintiffs opposed the motion by affidavit declaring the agent who sold them the policy represented that the uninsured motorist coverage protected them from any injuries caused by the negligence of a third party.
On appeal, plaintiffs reurge this contention and contend the policy should be reformed to conform to the agent's guarantee. They also urge certain policy language would afford coverage if the horse were shown to be farm equipment designed for use principally off the public roads.
Neither of plaintiffs' arguments have merit. The representations of an insurance agent cannot be used to extend the coverage beyond that provided by the written policy of insurance. LSA-R.S. 22:628. Also see Smith v. Republic National Life Insurance Company, 335 So.2d 739 (La.App.2d Cir. 1976).
The definition of an "uninsured automobile" as contained in the policy is clearly restricted to a motor vehicle, and plaintiffs' argument relating to "farm equipment" is based solely on an exclusion of certain motorized equipment within the classification of motor vehicles which does not pertain to farm animals.
The judgment is affirmed at appellants' costs.