CUTRER, Judge.
This is an appeal from the granting of a motion for summary judgment. David Lege, plaintiff, sued Lloyd Romero, the Travelers Insurance Company (Travelers) and others for damages sustained when Lege’s truck struck a horse which had escaped from Romero’s farm. Travelers, Lege’s insurer, denied coverage and moved for summary judgment; the motion was granted. Lege appealed and we affirm.
On March 29, 1981, Lege was driving his 1975 Chevrolet pickup truck, insured by Travelers, along Louisiana State Highway 331. Suddenly and without warning three horses darted across the road in front of Lege. Lege was able to avoid two of the horses but struck the third, damaging his truck and incurring personal injuries.
Lege sued Romero, the owner of the farm from which the horses escaped, the owner of the horse he struck and Travelers, his own insurer. Lege sought to collect from Travelers under the uninsured motorist provision of his policy with Travelers. Travelers denied that the uninsured motorist portion of its policy provided protection against collisions with animals and moved for a summary judgment. After a hearing, the trial judge granted Travelers’ motion. Lege appealed.
We note that there is no material question of fact and that the use of a summary judgment was procedurally proper in this case. The only issue before this court is whether the trial court made an appropriate conclusion of law under the facts of this case.
Travelers contends that its policy provisions regarding Lege’s coverage for accidents involving uninsured motorists extends only to accidents involving “motor vehicles;” thus, since Lege struck a horse, there is no coverage under the policy. Lege, on the other hand, puts forth an argument which, in essence, urges that a riderless, escaped horse is a “motor vehicle” under Louisiana law. We do not agree with Mr. Lege.
This same point was raised and disposed of in the case of McDaniel v. Moore, 351 So.2d 855 (La.App. 2nd Cir.1977). In McDaniel a husband and wife, while riding an insured motorcycle, struck a horse. They sought to collect from their insurer under their policy’s uninsured motorist provision and their insurer moved for a summary judgment. The summary judgment was granted and affirmed. Simply stated the Second Circuit found that the definition of an “uninsured automobile” did not include animals.
The Travelers policy in this case defines an “uninsured motor vehicle” as a “highway vehicle or trailer of any type” which is not insured. A “highway vehicle” is further defined in the policy as a “land motor vehicle designed to be used mainly on public roads, or a trailer.” Even giving the language of Travelers’ policy a broad reading, a common sense interpretation of “motor vehicle” cannot be stretched to include a horse roaming at large.[1] We hold that *1154 horses are not included in these definitions.[2] The trial court shall be affirmed.
For the foregoing reasons we affirm the judgment of the trial court. All costs of this appeal are to be paid by plaintiff-appellant, David Lege.
AFFIRMED.

. Plaintiff points out that, for the purposes of the Louisiana DWI statute, a person riding a horse is considered to be occupying a motor vehicle. The horse struck by Lege was riderless, thus we express no opinion in this regard.

. The only other case we have been able to find Involving a claim under a UM provision for an accident involving an insured vehicle and an animal is Duvigneaud v. Government Employees Insurance Co., 363 So.2d 1292 (La.App. 4th Cir.1978), writ ref'd, 366 So.2d 560 (La.1979). This case, along with McDaniel, was commented upon by Prof. McKenzie in his recent law review article, Louisiana Uninsured Motorist Coverage-After Twenty Years, 43 La.L.R. 691, 712 (1983):
“Obviously, there must be an uninsured or underinsured motor vehicle involved in the accident. Thus, in McDaniel v. Moore, ... there was no coverage for the insureds’ collision with a horse based upon the fault of those who permitted its escape. On the other hand, as illustrated by Duvigneaud v. Government Employees Insurance Co., ... the motor vehicle need not necessarily be the direct cause of the accident. While riding his motorcycle, the insured was overtaken and overturned by a large dog. In making claim under his UM coverage, the insured was able to trace the dog to the owner of an uninsured vehicle. The owner had negligently permitted the dog to escape from this vehicle. The court affirmed the jury finding that the accident arose out of ‘use’ of the vehicle from which the dog escaped. Arguably, the Duvigneaud case is beyond a ‘common sense’ relationship between the accident and the uninsured vehicle.” (Citation footnotes omitted.)
Without commenting on Duvigneaud we note that McDaniel and the instant case are very similar factually and both are distinguishable from Duvigneaud.