DOUCET, Judge.
Appellant, Theresa Quam filed suit against Louisiana Hospital Service, Inc. (Blue Cross) seeking payment of medical and hospital benefits amounting to $4,449.54, together with penalties and attorney’s fees. The aforementioned amount was incurred in October of 1985 when appellant had a hysterectomy after learning that she had a carcinoma of the uterus. Appellant seeks recovery under a hospitalization and surgical policy which was applied for on July 30,1985 through the May-field group insurance plan by her husband, an employee of M.L. Mayfield. The policy was issued by appellee and its effective date was September 1, 1985.
The policy issued to appellant excludes recovery for pre-existing conditions and under a separate provision excludes recovery for conditions involving the reproductive organs, both for a period of 365 days after the effective date of the policy. Blue Cross rejected appellant’s claim on the grounds that the conditions appellant suffered preexisted the effective date of the policy and that her condition involved her reproductive organs.
The trial court ruled in favor of Blue Cross, precluding appellant from recovery. It is from this judgment that appellant, Quam appeals.
On appeal, Quam specifies two assignments of error; the first being that the provisions of the policy are broad, uncertain, vague, and ambiguous and should therefore be construed against Blue Cross, entitling her to recover. We disagree.
The provisions to which appellant refers provide as follows:
“ARTICLE V — EXCLUSIONS
A. No Health Care allowance will be provided for:
1. Services rendered for, or as a result of, any ailment, disease, or physical condition, the symptoms of which, or the presence of any ailment, disease or physical condition, whether or not producing symptoms, exhibit themselves before the Member’s Original Effective Date regardless of whether the diagnosis, the condition or the disease has been established will be excluded until waiting periods (if any) shown on the Schedule of Benefits have been served....” and “14. Services rendered for surgery or treatment of Reproductive Organs, hernia (including but not limited to cysto-celes, rectoceles and hiatal hernias), hemorrhoids, tonsils, and adenoids; and complications and/or associated conditions thereof including, but not limited to, otitis media will be excluded until waiting periods (if any) shown on the Schedule of Benefits have been served;
[[Image here]]
The schedule of benefits provides the following clause regarding the waiting period:
“WAITING PERIODS FROM ORIGINAL EFFECTIVE DATE PRE-EX-ISTING CONDITIONS, TONSILS, ADENOIDS, HERNIA, HEMORRHOIDS, REPRODUCTIVE ORGANS COVERED AFTER 365 DAYS”
We, like the trial court, are of the opinion that the aforementioned provisions are clearly written and are intended to limit the recovery of insureds under such conditions. It is well settled that an insurer may limit its liability and impose whatever conditions it deems fit[1] and in this instance it is clear that appellant accepted the policy as a whole, including the exclusions and the waiting period.
Appellant had a routine examination and pap smear, by Dr. Ferrazzano on Sep *986 tember 23,1985 and on September 30,1985, a biopsy was performed and it was discovered that she had a carcinoma of the uterus. Consequently, a hysterectomy was performed on October 11, 1985. Dr. Fer-razzano, in a deposition opined that appellant’s condition clearly pre-existed September 1,1985, the effective date of the policy. Thus, appellant had a pre-existing condition and that condition involved her reproductive organs. Appellant would have had to wait 365 days before the policy would have covered her expenses for such a condition. The surgery was performed months before the expiration of the 365 day waiting period. We therefore find, as did the trial court, that appellant’s expenses are not covered under the terms of the policy and she is excluded from recovering such expenses.
Appellant, in her second assignment of error, urges that she is entitled to penalties and attorney’s fees because Blue Cross acted arbitrarily and capriciously in denying her claim. After having found that appellant is not entitled to recovery of her expenses, we find that further discussion of this assignment of error is unnecessary.
Accordingly, for the foregoing reasons, the judgment of the trial court dismissing Quam's suit is affirmed. All costs are to be borne by appellant.
AFFIRMED.

. Smith v. Republic National Life Ins. Co., 335 So.2d 739 (La.App. 2nd Cir.1976); Fruge v. First Continental life and Accident Ins. Co., 430So.2d 1072 (La.App. 4th Cir.1983).