605 So.2d 657 (1992)
Dennis Neil SHARFF and Elizabeth H. Sharff, Plaintiffs-Appellants,
v.
The OHIO CASUALTY INSURANCE COMPANY, et al., Defendants-Appellees.
No. 24036-CA.
Court of Appeal of Louisiana, Second Circuit.
September 23, 1992.
Writ Denied November 30, 1992.
*658 Touchstone & Wilson, by David M. Touchstone, Shreveport, for plaintiffs-appellants.
Mayer, Smith & Roberts, by Richard G. Barham, Shreveport, for defendants-appellees.
Before MARVIN, NORRIS, and HIGHTOWER, JJ.
MARVIN, Chief Judge.
The issue in this appeal of a summary judgment is whether a business automobile insurance policy naming as insureds the "AR Corporation [our abbreviation] and Subsidiaries," provides UM coverage for an AR officer-employee's son who sustained injury while riding as a passenger in an automobile that was not insured by the policy. The trial court granted the insurer's motion for summary judgment, which is appealed by the corporate officer-employee, Mrs. Sharff, and her son, Dennis.
We affirm.

FACTS
The one-car accident occurred on February 8, 1989, when Dennis was riding in a 1984 Buick driven by his friend, Lisa Manasco, with the permission of the owner, Lisa's aunt, Betty Tullos. Being thrown out of the car and suffering a broken neck, Dennis is now a quadriplegic.
At no time did Lisa or her aunt have any legal or contractual relationship with the AR Corporation or with plaintiffs. When the accident occurred, Dennis was unmarried and living with his mother and coplaintiff, Mrs. Sharff, who was an officer and employee of Accounts Receivable Corporation.
Lisa Manasco's liability insurer and Ms. Tullos's liability insurer, Travelers, paid to Dennis their respective liability policy proceeds for one-person injury. On Mrs. Sharff's earlier appeal, we affirmed a summary judgment in favor of Travelers which effectively held that its policy obligations were satisfied by its payment to Dennis because Mrs. Sharff's claim for loss of consortium derived and arose out of her son's claim. Sharff v. Ohio Cas. Ins. Co., 584 So.2d 1223 (La.App. 2d Cir.1991), writ denied.
The plaintiffs continued their action against the AR corporate insurer, Ohio Casualty, which moved for the summary judgment that is here appealed.
Ohio Casualty's business auto policy names the insureds as "Accounts Receivable Corp. & Subsidiaries." No individuals were shown as named insureds. No individually owned automobiles were shown as covered vehicles. The Tullos Buick was not owned by the AR Corporation and was not a "covered auto."
*659 The section of the policy providing UM coverage reads:
D. WHO IS INSURED.
1. You or any family member.

2. Anyone else occupying a covered auto or a temporary substitute for a covered auto.
. . . . . .
3. Anyone for damages he is entitled to recover because of bodily injury sustained by another insured.

The emphasized terms are defined in the policy:
"You" and "your" mean the person or organization shown as the named insured in the declarations.
"Family member" means a person related to you by blood, marriage or adoption who is a resident of your household, including a ward or foster child.
"Insured" means any person or organization qualifying as an insured in the WHO IS INSURED section of the applicable insurance.
In its motion for summary judgment, Ohio Casualty contended that the policy did not cover the claims of Dennis and his mother because he was not occupying a "covered auto" and neither he nor his mother qualified as an insured under the definitions in the policy.
Plaintiffs claimed that the language "and subsidiaries" in the statement of the named insured was ambiguous and should be read to include Sharff's mother individually because the dictionary definition of "subsidiary" refers both to individuals (one who lends aid or assistance; subordinate) and to corporations (a company controlled by another company by virtue of ownership of the controlling stock). Plaintiffs argued that Dennis would then be covered under the policy as a "family member" of a named insured since he resided with his mother.
Affidavits against the motion for summary judgment were filed by Mrs. Sharff and another corporate officer and employee, Kenneth Hawthorne, each of whom drove a corporate car for both business and personal errands. Hawthorne, the corporate president, asserted that he asked Mrs. Sharff to obtain a policy of automobile liability insurance that would insure not only the corporation and the two automobiles, but also himself and Mrs. Sharff personally, and that he "believed" that the Ohio Casualty policy provided personal coverage to him and to Mrs. Sharff.
Mrs. Sharff swore that she personally negotiated with the insurance agent who obtained the policy, telling him that "the two automobiles which were to be covered under the policy ... were the only automobiles driven or owned by either [Mrs. Sharff or Mr. Hawthorne and that] they required coverage not only on [the corporation's] automobiles, but also personal automobile liability coverage to cover [them] personally." Mrs. Sharff asserted that she "was informed by [the agent] and therefore believed, that the [Ohio Casualty] policy provided personal [liability] coverage to her and to Kenneth Hawthorne." She stated that she read the Ohio Casualty policy and "believed that the words `and subsidiaries' (the named insured portion of the policy'Named insured: Accounts Receivable Corporation and Subsidiaries') to mean that she and Kenneth Hawthorne were covered personally under the policy."
The trial court found that the policy language "and subsidiaries" was not ambiguous and meant only other corporations, not individual officers or employees of the corporation such as Mrs. Sharff. The court noted that "subsidiary" is defined in LRS 12:132 as "any corporation of which voting stock having a majority of the votes entitled to be cast is owned, directly or indirectly, by the corporation."
Because Mrs. Sharff was not a named insured, the court found that her son was not covered under the Ohio Casualty policy as a family member, notwithstanding that he resided with her. The court implicitly found that the policy did not cover Mrs. Sharff's derivative claim for loss of consortium.

REVIEW
On appeal, plaintiffs repeat their argument that the language "and subsidiaries," *660 naming the insureds, is ambiguous and should be interpreted to mean that Mrs. Scharff is a named insured, and that Dennis is insured as a family member residing with her. Plaintiffs also assert that the affidavits of Mrs. Scharff and Mr. Hawthorne raise genuine issues of material fact, precluding summary judgment.
In order for policy language to be considered ambiguous, it must be susceptible of two or more equally reasonable interpretations. Jefferson v. Monumental General Ins. Co., 577 So.2d 1184 (La.App. 2d Cir.1991). Words and phrases used in the policy are to be interpreted in their ordinary and popular sense, rather than in a limited, philosophical or technical sense. If the policy language in question must be given a strained construction to deem the language ambiguous, the rule of policy interpretation which favors coverage is not to be applied. Ray v. Republic Vanguard Ins. Co., 503 So.2d 217 (La.App. 3d Cir. 1987).
"AR Corporation and Subsidiaries"
The Business Corporation Law defines subsidiary as a corporation in which a majority of the stock is owned by another corporation. LRS 12:132. Plaintiffs have offered us definitions of subsidiary in Webster's New World Dictionary of the American Language (The World Publishing Company, 1966), from which plaintiffs quote in their appellate brief ("a person, or other thing that gives aid, support or service; auxiliary"), and in Webster's Encyclopedic Dictionary of the English Language (publisher not shown, 1971), from which plaintiffs quoted to the trial court ("aiding or assisting; subordinate [as an adjective]; one who or that which is subsidiary; an auxiliary; an assistant").
We have examined other dictionaries of the same vintage as those from which plaintiffs have quoted: Webster's Seventh New Collegiate Dictionary (G. & C. Merriam Co., 1972), and Webster's Third New International Dictionary (G. & C. Merriam Co., 1971). Subsidiary, as an adjective, means lending assistance or support; secondary or subordinate, among other things. As a noun, subsidiary means "2. One who or that which is subsidiary; ... 4. A company controlled by another company..." (Encyclopedic Dictionary, supra) and "one that is subsidiary; esp: a company wholly controlled by another" (Collegiate Dictionary, supra).
Here, we are concerned not with the one word, but with the language that states who are the insureds named in the policy in the conjunctive as "Accounts Receivable Corp. and Subsidiaries." Our emphasis.
Mrs. Sharff, of course, may be subsidiary to AR Corporation in the sense that she is subordinate to her employer, the corporate entity, AR Corporation, and is "one who is subsidiary," "a person ... that gives support or service" to the AR Corporation as an officer or employee. See dictionary definitions above. Mrs. Sharff is not, however, "a person that [or] ... one who is [a] subsidiary" [of] AR Corporation.
To adopt plaintiffs' construction of the language "AR Corporation and Subsidiaries" to mean any person or anyone who serves AR Corporation is tantamount to saying that the policy covers any person or anyone who serves the AR Corporation in any capacity. The policy does not name the insureds as AR Corporation and those who either are subsidiary (subordinate) to AR Corporation or are subsidiary (rendering service) for the corporate entity.
In our opinion when the policy names the insureds as "AR Corporation and Subsidiaries" the language, in the ordinary and popular sense, means corporate subsidiaries (LRS 12:132). The insureds are "AR Corporation and [its] subsidiaries" or "AR Corporation and subsidiaries [of AR Corporation]" or "AR Corporation and [AR Corporation's] subsidiaries."
The definition of subsidiaries urged by plaintiffs strains the construction of the language stating who are the insureds under the policy. Using the construction mentioned above, it is eminently reasonable to say the policy names as its first insured the corporation and, as its second class of *661 insureds, that corporation's subsidiaries in the sense of an LRS 12:132 subsidiary.
We cannot find the definition of the word subsidiaries urged by plaintiffs to be an equally reasonable construction of "AR Corporation and Subsidiaries" as the construction we have deemed reasonable in the above paragraph. Subsidiaries in that context, then, is not ambiguous and refers only to the AR Corporation's subsidiaries in the LRS 12:132 sense, and not to the AR Corporation's individual officers or employees, such as Mrs. Scharff.
The other quoted policy language has been construed. When the named insured is a corporation, the policy language "You or any family member" in the statement of who is insured does not include an employee, or a family member of an employee, of the named corporation. Bryant v. Protective Cas. Ins. Co., 554 So.2d 177 (La.App. 2d Cir.1989), writ denied; Saffel v. Bamburg, 478 So.2d 663 (La.App. 2d Cir. 1985), writ denied. A person who is not an "insured," as that term is defined in a liability insurance policy, is not entitled to UM coverage under the policy. Malbrough v. Wheat, 428 So.2d 1110 (La.App. 1st Cir. 1983).
Dennis is not an insured under the "You or any family member" clause because the term "family member" is defined as "a person related to you [a named insured]..." and Mrs. Sharff is not a named insured.
Mrs. Sharff is not an insured under the clause covering "Anyone for damages [s]he is entitled to recover because of bodily injury sustained by another insured" because Dennis is not an insured, insured being defined in the policy as "any person ... qualifying as an insured in the WHO IS INSURED section of the applicable insurance." Dennis does not qualify under that section.
The affidavits of Mrs. Sharff and Mr. Hawthorne asserting their "belief," based on Mrs. Sharff's negotiations with the insurance agent, that the Ohio Casualty policy provided personal liability coverage to them, and Mrs. Sharff's assertion that she "believed" the words "and subsidiaries" in the statement of the named insured meant that she and Mr. Hawthorne were personally covered simply do not raise a material factual issue precluding summary judgment. Policy coverage is determined by the written policy and cannot be extended or enlarged even by an agent's representations about coverage. LRS 22:628; Marsh v. Reserve Life Ins. Co., 516 So.2d 1311 (La.App. 2d Cir.1987); McDaniel v. Moore, 351 So.2d 855 (La.App. 2d Cir.1977).

CONCLUSION
While summary judgment is not to be used as a substitute for a trial on the merits when genuine issues of material fact exist, summary judgment is appropriate in cases where it is obviously warranted if summary procedure is to have meaning. See and compare Swindle v. Haughton Wood Co., Inc., 458 So.2d 992 (La.App. 2d Cir.1984) and Butler v. K-Mart Corp., 432 So.2d 968 (La.App. 4th Cir.1983).
The facts concerning UM coverage under Ohio Casualty's policy are not disputed in any legally significant respects. The term "AR Corporation and Subsidiaries," identifying the named insureds, is not an ambiguous term. The claims of Dennis and his mother are not covered under the policy.

DECREE
At the cost of plaintiffs, the summary judgment is AFFIRMED.