707 So.2d 986 (1997)
STATE FARM MUTUAL AUTOMOBILE INSURANCE CO. and Audrois Meche, Plaintiffs-Appellants,
v.
Patricia S. COOPER, Defendant-Appellant.
No. 97-1134.
Court of Appeal of Louisiana, Third Circuit.
February 18, 1997.
*987 Francis Douglas Wimberly, Lafayette, for State Farm Mutual Automobile Insurance Co., et al.
Frederick L. Welter, Rayne, for Patricia S. Cooper.
Sue Buser, Baton Rouge, for Mutual Service Casualty Ins. Co.
Before COOKS, SAUNDERS and DECUIR, JJ.
SAUNDERS, Judge.
Questions presented for our review include whether the trial court providently granted summary judgment in favor of defendant's liability insurer as to coverage and as to its failure to defend. For the following reasons, we affirm the summary judgment insofar as the coverage issue is concerned, but reverse with respect to the insurer's alleged failure to defend.

FACTS
Audrois Meche and his subrogated insurer, State Farm Mutual Automobile Insurance Company, brought suit against Patricia S. Cooper and her insurance company, Mutual Service Casualty Insurance Company, for collision and med-pay expenses covered by State Farm following an accident involving a 1991 Ford owned by Meche and a 1990 Chevrolet automobile owned by Cooper. In response, Cooper's alleged insurer, Mutual Service Casualty Insurance Company, filed a general denial of liability and a general denial of coverage on Cooper's vehicle in a single answer.
Cooper then filed a cross-claim against her insurer for failing to provide coverage on her vehicle and additionally for failing to provide her with a defense. In response to Cooper's cross-claim, Mutual Service filed a general denial and a motion for summary judgment, which was granted, prompting the instant appeal by Cooper, who maintains that the trial court erred in granting summary judgment both as to the coverage and as to Mutual's alleged failure to defend.

Mutual's Coverage of Cooper
By her first assigned error, Cooper maintains that she was owed liability coverage by Mutual. She maintains not that the vehicle owned by her that was involved in the accident was insured by Mutual, but rather that she was led to believe that it was.
The record clearly shows that Cooper's policy with Mutual as of the November 12, 1994 accident covered a 1988 Hyundai vehicle, not the Chevrolet Geo involved in the accident. The insurer did not write a policy for the Chevrolet Geo until November 16, 1994, four days after the accident.
Nevertheless, Cooper maintains that as of October 18, 1994, about one month before the *988 accident in question, she thought she had obtained additional insurance for the 1990 Chevrolet Geo due to the Hyundai's breakdown earlier that year. Her affidavit in opposition to the motion of summary judgment indicated that because she was the owner of both vehicles when she left the insurance office on October 18, she assumed that both of her vehicles were covered by Mutual when she left the agency. According to her, it was not until after the accident that she learned that her insurer had failed to underwrite the risks of her driving the Chevrolet Geo.
The Mutual Insurance policy enforced on the day of the accident clearly does not provide coverage for the Chevrolet Geo Storm involved in the accident.
An insurance policy is a contract between the parties and should be construed using the general rules of interpretation of contracts set forth in the Civil Code. Louisiana Ins. Guar. Ass'n v. Interstate Fire & Casualty Co., 93-0911 p. 5 (La.1/14/94), 630 So.2d 759, 763; Smith v. Matthews, 611 So.2d 1377, 1379 (La.1993); Schroeder v. Board of Supervisors of La. State Univ., 591 So.2d 342, 345 (La.1991). If the words of the policy are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent and the agreement must be enforced as written. Smith, 611 So.2d at 1379; Central La. Elec. Co. v. Westinghouse Elec. Corp., 579 So.2d 981, 985 (La. 1991); Pareti v. Sentry Indem. Co., 536 So.2d 417, 420 (La.1988); see La.Civ.Code art.2046. An insurance policy should not be interpreted in an unreasonable or strained manner so as to enlarge or restrict its provisions beyond what is reasonably contemplated by its terms or so as to achieve an absurd conclusion. Interstate, 93-0911 p. 5, 630 So.2d at 763; Fertitta v. Palmer, 252 La. 336, 211 So.2d 282, 285 (1968). The policy should be construed as a whole and one portion thereof should not be construed separately at the expense of disregarding another. Westinghouse, 579 So.2d at 985; Pareti, 536 So.2d at 420; see La.Civ.Code art.2050. If after applying the other general rules of construction an ambiguity remains, the ambiguous contractual provision is to be construed against the insurer who issued the policy and in favor of the insured. Interstate, 93-0911 p. 6, 630 So.2d at 764; Smith, 611 So.2d at 1379; Pareti, 536 So.2d at 420; see La.Civ. Code art.2056.
Crabtree v. State Farm Ins. Co., 93-0509 (La.2/28/94), 632 So.2d 736, 741(notes omitted).
In view of the language contained in the policy in force on the date of the accident, it is clear that the trial court's summary judgment denying coverage was well founded.
Notwithstanding the clarity of the Mutual policy's language, Mrs. Cooper maintains that the actions of the insurance agency duped her into believing that she had insurance coverage. Mrs. Cooper does not specify precisely what actions led her to believe such to be the case. The trial court, not convinced by this argument, rendered an adverse summary judgment, citing La.R.S. 22:628 and Sharff v. Ohio Cas. Ins. Co., 605 So.2d 657 (La.App. 2 Cir.), writ denied, 608 So.2d 196 (La.1992).
Sharff stands for the proposition that policy coverage is determined by the written policy and cannot be extended or enlarged even by an agent's representations about coverage. Indeed, the Sharff case is not without precedent. See, e.g., Marsh v. Reserve Life Ins. Co., 516 So.2d 1311 (La.App. 2 Cir.1987); Oliver v. Natchitoches Air Center, Inc., 506 So.2d 559 (La.App. 3 Cir.1987), Hilliard v. La. Health Service and Indem. Co., 411 So.2d 1116 (La.App. 4th Cir.), writ denied, 416 So.2d 114 (La.1982); and McDaniel v. Moore, 351 So.2d 855 (La.App. 2 Cir.1977).
Notwithstanding the reliance by Sharff and other authority upon La.R.S. 22:628 for the proposition that insurers cannot be bound by the actions of their agents or underwriters, the plain language of the statute does not in reality issue such a blanket pardon. La.R.S. 22:628 provides as follows:
§ 628. Must contain entire contract with exceptions
No agreement in conflict with, modifying, or extending the coverage of any contract *989 of insurance shall be valid unless it is in writing and physically made a part of the policy or other written evidence of insurance, or it is incorporated in the policy or other written evidence of insurance by specific reference to another policy or written evidence of insurance. This Section shall not apply to contracts as provided in Part XV of this Chapter.
The provisions of this Section shall apply where a policy or other written evidence of insurance is coupled by specific reference with another policy or written evidence of insurance in existence as of the effective date hereof or issued thereafter.
Any written agreement in conflict with, modifying, or extending the coverage of any contract of insurance shall be deemed to be physically made a part of a policy or other written evidence of insurance, within the meaning of this section, whenever such written agreement makes reference to such policy or evidence of insurance and is sent to the holder of such policy or evidence of insurance by United States mail, postage prepaid, at such holder's last known address as shown on such policy or evidence of insurance or is personally delivered to such holder.
Moreover, there is Louisiana Supreme Court and other authority rendered since enactment of La.R.S. 22:628 to the effect that in extraordinary circumstances coverage might exist even when the insurance policy purports to the contrary, at least where the insurer's conduct leads the innocent consumer to believe that she is insured. The rationale for this authority has been traced to the common law doctrine of waiver, and in Louisiana contemplates both cases where the issue has been cast as one of insurance "coverage" or one of an insured's "forfeiture" of insurance. See, e.g., Tate v. Charles Aguillard Ins. & Real Est., 508 So.2d 1371, 1374 (La.1987). See also, Steptore v. Masco Const. Co., Inc., 93-2064 (La.8/18/97), 643 So.2d 1213; Bailey v. Robert V. Neuhoff Ltd. Partnership, 95-0616 (La.App. 1 Cir. 11/9/95), 665 So.2d 16, writ denied, 95-2962 (La.2/9/96), 667 So.2d 534. Indeed, even an insurer's provision of legal defenses has been found to constitute an insurer's waiver of the coverage issue. Steptore, 643 So.2d 1213; Bailey, 665 So.2d 16.
An alternate basis for finding coverage in such circumstances has been the ground of negligent misrepresentation, it being the expressed opinion of the Louisiana Supreme Court that La.Civ.Code art. 2315 and 2316 are sufficiently broad to encompass a cause of action for negligent misrepresentation. Hilliard v. La. Health Service, Etc., citing Devore v. Hobart Mfg. Co., 367 So.2d 836 (La.1979). Thus, it would seem that Mrs. Cooper's position is well-taken that La. R.S. 22:628 does not necessarily end the inquiry, provided there is in fact evidence suggesting that an insurer has misrepresented the terms of an insurance contract to its customer.
Our review of the record, however, suggests that the trial court did not err in granting summary judgment. As to coverage, it is the party who seeks to avoid the application of a policy's provisions who must come forward with evidence sufficient to support a waiver. Tate, 508 So.2d 1371. Thus, when Mutual presented sufficient evidence to have the terms of its policy, including its coverage provisions, honored, in order to avoid adverse summary judgment Mrs. Cooper was required to show how she was duped into believing the ill-fated Chevrolet Geo had become insured prior to the accident.
B. The motion for summary judgment and supporting affidavits shall be served at least ten days before the time specified for the hearing. The adverse party may serve opposing affidavits prior to the date of the hearing. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.
C. After adequate discovery or after a case is set for trial, a motion which shows that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law shall be granted against an adverse party who fails to make a showing sufficient to establish the existence of proof of an element essential to his claim, action, or defense and on *990 which he will bear the burden of proof at trial.
La.Code Civ.P.art. 966(B) and (C).
Consequently, we hold that in view of Mrs. Cooper's failure to furnish evidence by affidavit or otherwise of how her insurer had become responsible for the accident involving her vehicle either by waiver or by negligent misrepresentation, we are bound to apply the contract as written.

FAILURE TO DEFEND
Mrs. Cooper additionally argues that she is entitled to reversal of that portion of the summary judgment that concerned her insurer's failure to defend her in the suit naming her and Mutual as defendants. She maintains that she is entitled not only to reimbursement of her attorney's fees, but also to penalties in accordance with La.R.S. 22:1220. Furthermore, Mrs. Cooper maintains that she is entitled to such penalties and fees regardless of the outcome of the coverage issue.
Her putative insurer's reply to this charge is that because it in fact did not provide coverage on the date of the accident it likewise was not compelled to defend Mrs. Cooper.
The law with respect to an insurer's duties to defend is too well pronounced to now be disregarded.
Generally the insurer's obligation to defend suits against its insured is broader than its liability for damage claims. And the insurer's duty to defend suits brought against its insured is determined by the allegations of the injured plaintiff's petition, with the insurer being obligated to furnish a defense unless the petition unambiguously excludes coverage. Benoit v. Fuselier, 195 So.2d 679 (La.App.1967).
Thus, if, assuming all the allegations of the petition to be true, there would be both (1) coverage under the policy and (2) liability to the plaintiff, the insurer must defend the insured regardless of the outcome of the suit. Additionally, the allegations of the petition are liberally interpreted in determining whether they set forth grounds which bring the claims within the scope of the insurer's duty to defend the suit brought against its insured. Benoit v. Fuselier, ibid.

American Home Assurance Co. v. Czarniecki, 255 La. 251, 230 So.2d 253, 259 (La. 1969).
In this case, the petition states that Mrs. Cooper was liable to plaintiffs for collision and med-pay remittances. Mutual's policy states that the insurer, speaking to Mrs. Cooper, would "defend you, hire and pay a lawyer, and pay all defense costs if you're sued for damages because of a car accident even if the accusations are not true."
In both Czarniecki and Benoit, more recently in Veillon v. U.S. Fire Ins. Co., 590 So.2d 1368 (La.App. 3 Cir.1991), an automobile insurer was not permitted to avoid its obligation to defend its insurer on the basis that coverage would ultimately be denied. We see no reasonable basis for distinguishing the facts of this case from those, and Mutual alludes to none. Consequently, that portion of the summary judgment regarding Mutual's alleged failure to defend is reversed, at the insurer's costs.

DECREE
For the foregoing reasons, the summary judgment entered by the trial court is affirmed in part and reversed in part, and the case remanded so that the trial court may consider additional evidence before fixing the amount of attorney's fees which are due for Mutual's failure to defend.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.