736 So.2d 854 (1999)
Jessie J. LEDET, Plaintiff-Appellant,
v.
Dina Marie LEIGHTON, et al., Defendant-Appellee/Appellant.
No. 98-952.
Court of Appeal of Louisiana, Third Circuit.
February 3, 1999.
William D. Hunter, Franklin, Thomas Louis Mahfouz, Morgan City, Richard Mere, Lafayette, for Jessie J. Ledet.
Edward Paul Landry, New Iberia, for Dina Marie Leighton et al.
Jeffrey A. Rhoades, Lafayette, for Jo Williams et al.
Gracella Gail Simmons, Lake Charles, for CNA Insurance Co.
Before THIBODEAUX, DECUIR, AMY, SULLIVAN and GREMILLION, Judges.
GREMILLION, Judge.
This appeal stems from the trial court's granting of summary judgment in favor of the defendant, CNA Insurance Company. In dismissing the claims of the plaintiff, Jessie Ledet, the trial court held that an insurance policy issued by CNA to Dr. Joe Rankin did not extend liability coverage to Dina Marie Leighton, his former wife and a co-defendant in the matter. For the following reasons, we affirm.

FACTS
On October 22, 1993, Ledet was traveling south on Johnston Street in Lafayette, Louisiana. While stopped due to traffic congestion, he was rear-ended by a vehicle driven by Jo Williams, which had been rear-ended by a van driven by Leighton. Leighton was operating a 1993 Chevrolet 6000 van, which she had leased from Enterprise Leasing of New Orleans, d/b/a Enterprise Rent-A-Car. Ledet filed suit on April 18, 1994, naming as defendants, among others, Leighton and CNA. CNA *855 had issued an insurance policy to Dr. Rankin, Leighton's former husband, which covered a 1992 Lincoln Mark VII. This car, which was leased prior to the Rankins' divorce, was provided to Leighton by Dr. Rankin as part of the child support settlement.
On November 3, 1997, CNA filed a motion for summary judgment alleging that Leighton was not covered under the policy it issued to Dr. Rankin while she was operating the leased van. Following a hearing, the trial court granted the motion, and a judgment was signed on December 18, 1997, dismissing Ledet's claims against CNA. Ledet and Leighton both appeal this judgment.

SUMMARY JUDGMENT
Following the 1997 amendment of the summary judgment law, summary judgments are now favored, and shall be used to "secure the just, speedy, and inexpensive determination" of all actions, except those excluded by La.Code Civ.P. art. 969. La.Code Civ.P. art. 966(A)(2). The amendment is procedural and is to be applied retroactively. Kumpe v. State, 97-386 (La.App. 3 Cir. 10/8/97); 701 So.2d 498. The trial court is required to render summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law." La.Code Civ.P. art. 966(B). When faced with a motion for summary judgment supported by affidavits based on personal knowledge made by persons competent to testify on the matter, the opposing party cannot rest on his pleadings but must respond by affidavits, deposition testimony, or interrogatory answers that enumerate specific facts showing that a genuine issue exists for trial. La.Code Civ.P. art. 967. Finally, it is well settled that the appellate review of summary judgment is de novo, applying the same standard as the trial court. Accordingly, we undertake a de novo review of the matter at bar.
The rules concerning the interpretation of insurance contracts was laid out by the court in State Farm Mutual Automobile Insurance Co. v. Cooper, 97-1134 (La.App. 3 Cir. 2/18/98); 707 So.2d 986, 988, citing Crabtree v. State Farm Insurance Co., 93-0509 (La.2/28/94); 632 So.2d 736, 741 (footnotes omitted):
An insurance policy is a contract between the parties and should be construed using the general rules of interpretation of contracts set forth in the Civil Code. Louisiana Ins. Guar. Ass'n v. Interstate Fire & Casualty Co., 93-0911 p. 5 (La.1/14/94), 630 So.2d 759, 763; Smith v. Matthews, 611 So.2d 1377, 1379 (La.1993); Schroeder v. Board of Supervisors of La. State Univ., 591 So.2d 342, 345 (La.1991). If the words of the policy are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent and the agreement must be enforced as written. Smith, 611 So.2d at 1379; Central La. Elec. Co. v. Westinghouse Elec. Corp., 579 So.2d 981, 985 (La. 1991); Pareti v. Sentry Indem. Co., 536 So.2d 417, 420 (La.1988); see La.Civ. Code art.2046. An insurance policy should not be interpreted in an unreasonable or strained manner so as to enlarge or restrict its provisions beyond what is reasonably contemplated by its terms or so as to achieve an absurd conclusion. Interstate, 93-0911 p. 5, 630 So.2d at 763; Fertitta v. Palmer, 252 La. 336, 211 So.2d 282, 285 (1968). The policy should be construed as a whole and one portion thereof should not be construed separately at the expense of disregarding another. Westinghouse, 579 So.2d at 985; Pareti, 536 So.2d at 420; see La.Civ.Code art.2050. If after applying the other general rules of construction an ambiguity remains, the ambiguous contractual provision is to be construed against the insurer who issued *856 the policy and in favor of the insured. Interstate, 93-0911 p. 6, 630 So.2d at 764; Smith, 611 So.2d at 1379; Pareti, 536 So.2d at 420; see La.Civ. Code art.2056.
Under the policy issued by CNA, Dr. Rankin is the only named insured on the "Renewal Coverage Data Page," and the "Amended Coverage Data Page." The policy specifies who is covered for the purposes of liability:
A Covered Person under Part 4 [Liability] is:
(a) you.
(b) a relative.
(c) any person using an insured auto.
"You" is defined in the introduction as the person designated as the "Named Insured" on the "Coverage Data Page." It further signifies the spouse of the "Named Insured" if the spouse is a resident of the "Named Insured's" household. Relative is defined in the glossary:
"relative" means a resident of your household who is:
(a) a person related to you by blood, marriage or adoption;
(b) a person under the age of 21 who is in you care or that of a person named in (a); or
(c) a dependent person in your care, unable to be self-supportive due to a medical handicap.
Relative includes a ward or foster child.
The only capacity in which Leighton is listed in the insurance policy issued by CNA is as an "operator." Ledet and Leighton both argue that since she is listed as an "operator," she should be considered an "insured" under the policy. Leighton argues that since "operator" is not defined, the policy is ambiguous and should be construed to provide coverage. We disagree.
Under the plain and unambiguous wording of the policy, Leighton does not qualify as a "Covered Person." Although she was married to Dr. Rankin when the policy was first issued, she is no longer Dr. Rankin's spouse, nor is she related to him by blood or marriage. Thus, she qualifies as neither a "Named Insured" nor a "relative." An "operator" is defined as someone who performs a function, such as driving a vehicle. Applying the common and accepted meaning of the term "operator," we find that it does not translate into or equate with the term "insured." We decline to find the term ambiguous. The persons listed as "operators" under the policy are those persons normally operating the vehicles which are insured under the policy. We agree that Leighton would have been covered had she been driving the Lincoln Mark VII. However, we do not find that she was afforded coverage while driving the leased van.
Since we find that no genuine issue of material fact exists with regard to whether Leighton qualified as a "covered person" while driving the leased van, the judgment of the trial court granting summary judgment to CNA is affirmed.
AFFIRMED.
THIBODEAUX, J., dissents and assigns written reasons.
DECUIR, J., dissents for the reasons assigned by THIBODEAUX, J.
THIBODEAUX, J., dissenting.
The parties' intent, as manifested by the wording of the policy, determines coverage. If the words are clear and explicit, no further search is necessary; the words of the contract govern and the policy must be enforced as written. However, if the words are ambiguous or lead to absurd consequences, we must attempt to ascertain the common intent in other ways, such as examining extrinsic evidence. Ducote v. Koch Pipeline Co., 98-0942 (La.1/20/99); 730 So.2d 432. It is permissible under such circumstances to examine the nature of the contract, equity, and the conduct of the parties before and after the formation of the contract. La.Civ.Code art.2053. As observed by the majority, the Lincoln Mark VII automobile was provided to Ms. Leighton by her ex-husband for her use *857 and as part of the child support settlement in a divorce proceeding. The policy issued by CNA covered the same automobile under the same policy with the same premiums and with the same operator. The only difference was the change in marital status between Ms. Leighton and her former husband. Indisputably, if Ms. Leighton had been operating the Lincoln Mark VII automobile she would have been a "covered person" under the terms of the policy. There is no reason to deny coverage because she was operating a vehicle other than the one which was covered by a policy under which she was listed as an "operator."
Furthermore, under the circumstances of this case, the term "operator" is ambiguous. At the time the policy was issued, Ms. Leighton was married to the named insured and was indisputably an insured. She was listed as an "operator." The policy does not define that term. The automobile was a community-owned vehicle. There is no indication that she was not driving without the permission of the co-owner, her ex-spouse. She would have been insured, therefore, without being listed as an operator. What then does "operator" mean under the policy at issue and under the circumstances of this case? I think it is at least synonymous with "insured." Furthermore, because its meaning is ambiguous it should be interpreted against the insurer which issued the policy and in favor of the insured and coverage. After all, insurance policies should be interpreted to effect, not deny, coverage. Yount v. Maisano, 627 So.2d 148 (La. 1993). This is particularly true when, as in this case, the contract is facially ambiguous.
The majority errs in denying coverage and in granting summary judgment to CNA.
For the foregoing reasons, I respectfully dissent.